NANCY ISAACSON, ESQ.(NI/1325)
GREENBAUM, ROWE, SMITH & DAVIS LLP
75 Livingston Ave., Suite 301
Roseland, New Jersey 07068-3701
(973) 535-1600
*Attorneys for Plaintiff, Marie F. Conde*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>DEXTER C. and DJENANE BARTHOLOMEW,<br><br>　　　　　Debtors,<br>-------------------------------------------------<br><br>MARIE F. CONDE,<br><br>　　　　Plaintiff<br>v.<br><br>DEXTER C. and DJENANE BARTHOLOMEW,<br><br>　　　　Defendants. | CASE NO.: 15-23509(CMG)<br><br>Chapter 7<br><br><br>Adv. No. ( TBA) |

**ADVERSARY COMPLAINT ON CLAIM FOR FRAUD, AND TO DETERMINE THAT PLAINTIFF'S CLAIM IS NOT AND MAY NOT BE DISCHARGED, PURSUANT TO 11 U.S.C. §§ 523(a)(2) AND 523(a)(6)**

　　　**PLAINTIFF** Marie F. Conde, a creditor of Debtors/Defendants Dexter C. and Djenane Bartholomew, by and through her undersigned attorneys, Greenbaum, Rowe, Smith & Davis LLP, 75 Livingston Avenue, Suite 301, Roseland, New Jersey 07068-3701, as and for her Adversary Complaint allege as follows:

4052643.1

## PARTIES, JURISDICTION AND VENUE

1. Debtors, Dexter C. and Djenane Bartholomew ("Debtors" or "Defendants"), residing at 23 Dora Lane, Holmdel New Jersey, filed a voluntary petition for relief under Title 11, Chapter 11 of the United States Code (the "Bankruptcy Code") on July 17, 2015 (the "Petition Date").

2. On January 20, 2016, the United States Bankruptcy Court for the District of New Jersey entered an order converting Debtors' bankruptcy case from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code.

3. Plaintiff Marie F. Conde ("Conde") is an individual residing at 126 Laredo Drive, Morganville, New Jersey. Conde is a creditor in Debtors' underlying bankruptcy case, having filed a Proof of Claim in Debtors' bankruptcy case on November 12, 2015

4. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 157 and 1334.

5. This is a core proceeding over which this court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(I).

6. The venue is proper in this core proceeding pursuant to 28 U.S.C. § 1409.

7. This matter is brought pursuant to the equitable powers of the court under 11 U.S.C. §§ 105(a), 523(a)(2)(A), 523(a)(2)(B) and Federal Rules of Bankruptcy Procedure 4004, and 7001 *et seq.*

## ALLEGATIONS COMMON TO ALL COUNTS

8. Over a period of years, Conde invested substantial sums of her personal funds in and with Defendants' business ventures and commercial real estate purchases. Conde's investments,

which included loans to Defendants, purchases of interests in business entities and the provision of personal guarantees and mortgage liens to third-party lenders which were procured by Defendants through a fraudulent scheme, as described in detail in the following paragraphs of this Adversary Complaint.

9. The investments by Conde in Defendants' business ventures and real estate purchases fall into two categories: (1) investments relating to the purchase by Defendants and entities owned or controlled by them in five Golden Corral franchise restaurants located in the State of Kentucky (the "Golden Corral Investments"); and (2) investments in two Let's Yo franchise frozen yogurt retail stores located in Brick Township and Lacey Township, New Jersey (the "Let's Yo Investments"). In addition, Defendants falsely, fraudulently and secretly granted to Conde a 10% interest in yet another entity, B&C Yo Barclays NY, Inc., which entity owned and operated another Let'sYo franchise retail store located at the Barclay's Center Arena in Brooklyn, New York.

**Barclay's Let's Yo Interest**

10. Unbeknownst to Conde, Defendants granted to her a 10% interest in B&C Yo Barclays NY, Inc. ("Barclay's Let's Yo", a corporation organized under the laws of the State of New York which was operated and managed solely by Defendants and owned and operated another Let's Yo frozen yogurt franchise retail store located at the Barclay's Center Area in Brooklyn, New York.

11. Without the knowledge or consent of Conde, due to the false and fraudulent actions of Defendants, Conde unknowingly became a 'responsible person' for the tax liability of B&C Yo Barclays NY, Inc.

12. Also without the knowledge, consent or participation of Conde and due to the wrongful conduct of Defendants, B&C Yo Barclays NY, Inc. failed to pay to New York State Department of Taxation and Finance sales taxes due.

13. As a result of the foregoing, the New York State Department of Taxation and Finance attached and seized funds due to Conde as a refund for her personal New York State income taxes paid for the tax year 2015 in the amount of $10,278.95.

**Golden Coral Investment**

14. Conde made the Golden Coral Investments in or about August 2012 and thereafter. In connection with the Golden Coral Investments, Conde loaned $1,500,000.00 to Defendants and to their business associate and attorney, Frank Seddio ("Seddio"). This loan (the "August 2012 Loan") was memorialized in a Purchase Money Note dated August 24, 2012 made by Defendants and Seddio and payable to Conde in the amount of $1,500,000.00. A copy of the Purchase Money Note is attached as **Exhibit A**.

15. To fund the August 2012 Loan, Conde liquidated assets, borrowed money from family and mortgaged her house and the office building in Brooklyn, New York, from which she operates her medical practice, Linden Children Services, Inc. ("Linden").

16. Conde was first told by Defendants that she would have an ownership interest in the Golden Coral stores.

4

17. Defendants revised their representation and told Conde that she would have an ownership interest in DB & Associates Realty LLC ("DB & Assoc."), the entity formed to own the real estate purchased in conjunction with the purchase of the five Golden Coral stores in Kentucky.

18. In connection with and as consideration for the August 2012 Loan, the parties entered into an Agreement dated September 2012 and a Purchase Agreement – Limited Liability Company, pursuant to which Defendants and Seddio were to transfer to Conde a ten percent (10%) interest in DB & Associates Realty LLC, a Kentucky Limited Liability Company ("DB & Assoc"). A copy of the Purchase Agreement – Limited Liability Company is attached as **Exhibit B.**

19. To induce Conde to make the August 2012 Loan, Defendants made the following representations and provided the following information:

(a) Defendants represented to Conde that the proceeds of the August 2012 Loan would be used to purchase four parcels of commercial real estate located in the State of Kentucky: 204 Kings Way, London, Ky; 100 Ikebana Path, Georgetown, KY; 2020 South Highway 27, Somerset, KY and 110 Retail Road, Nicholasville, KY (the " Kentucky Real Estate");

(b) Defendants represented to Conde that to secure the August 2012 Loan she would receive a mortgage encumbering the Kentucky Real Estate. Debtors admitted that Conde was to receive such mortgages in their Bankruptcy Petition; the pertinent pages of which are attached as **Exhibit C**;

(c) Defendants represented to Conde that she would receive an ownership interest in each Golden Coral store.

(d) Defendants provided to Conde a written Statement of Financial Condition that included numerous materially false statements respecting the Defendants' financial condition and the anticipated financial condition of the Golden Coral Investments.

20. The representations made and information provided by Defendants to Conde to induce Conde to make the August 2012 Loan were knowingly false when they made by Defendants and were made to Conde with intent that Conde rely upon them.

21. Conde reasonably relied upon Defendants' knowingly false representations and information in deciding to make the August 2012 Loan to Defendants.

22. Conde was never given mortgages on the Kentucky Real Estate.

23. Conde was never given an ownership interest in the entities that owned the Golden Coral stores.

24. In connection with the purchase of the Kentucky Real Estate, Defendants, through DB & Assoc., ultimately borrowed additional funds from the seller, Golden Resources, LLC, ("Seller") to complete the purchase. Conde was told by Defendants that they were short cash to complete the purchase so the Seller would hold a note for the balance of the purchase price but they needed additional collateral.

25. Defendants induced Conde to pledge unencumbered property she owned in the State of Florida to secure $250,000 of Seller's Note. A copy of the mortgage on the Florida property is attached as **Exhibit D**.

26. Subsequent to the August 2012 Loan, Conde learned that the Defendants' representations about the purchase of the Golden Coral stores and Kentucky Real Estate were lies.

27. Without Plaintiff's knowledge, DB & Assoc, the original purchaser from Gold Resources, transferred each parcel to a separate entity owned by Dexter Bartholomew and Frank Seddio. Specifically:

- 204 Kings Highway, London, Kentucky was transferred to DB London Ky Realty, LLC.

- 100 Ikebana Path, Georgetown, KY was transferred to GC Georgetown Ky, Inc.

- 2020 South Highway 27, Somerset KY was transferred to DB Somerset Ky Realty, LLC

- 110 Retail Road, Nicholasville, KY was transferred to GC Nicholasville Ky, Inc.

28. Conde did not receive an interest in DB & Assoc. when it purchased the Kentucky Real Estate or in the entities hat purchased the Kentucky Real Estate from DB & Assoc.

**Let's Yo Investment**

29. Conde made the Lets Yo Investments in or about June 2013. The Lets Yo Investments included Conde's provision of personal guarantees and mortgages on her own behalf and on behalf of a her professional corporation to secure two Small Business Association loans extended by BCB Community Bank (the "BCB Loans") to the two business entities that operated the Lets Yo franchise retail frozen yogurt shops in Lacey Township ("Lacy Let's Yo") and Brick ("Brick Let's Yo") Township, New Jersey.

30. To induce Conde to provide this security in connection with the BCB Loans, Defendants represented to Conde that the loan proceeds would be used to finance renovations, for furniture, fixture and equipment purchases and to refinance pre-existing indebtedness.

31. Subsequent to providing the guarantees and collateral for the SBA Loans, Conde learned that:

   a. The funds obtained to refinance a debt of the Lacey store was a fictitious loan from Djenane Bartholomew's mother, Adeline Francois to Conde evidenced by a note with Conde's forged signature;

   b. The proceeds of the Brick Let's Yo SBA Loan were used to build out another Lets Yo facility at the Barclay's Center in Brooklyn, New York in beach of the SBA Loan which required the proceeds to be used for the Brick location only.

32. At all times relevant, Conde did not have access to the books and records of the Lacey Let's Yo or Brick Lets Yo.

33. At all times relevant, Conde did not operate or participate in the management of the Lacey Let's Yo or Brick Let's Yo facilities.

34. BCB has declared the SBA Loans in default and is foreclosing the mortgages on my properties to satisfy the debt.

35. Defendants secured the SBA Loans using Conde's personal information and her financial resources, as neither of them had the requisite credit or financial resources.

36. The representations made to Conde by Defendants were knowingly false when made and Defendants intended that Conde rely upon these false representations in deciding to provide the personal guarantees and mortgages given by Conde as security for the BCB Loans.

37. Conde reasonably relied upon the knowingly false representations made by Defendants in deciding to provide personal guarantees and mortgages encumbering her real property as security for the BCB Loans.

38. In conjunction with the Let's Yo investments, Conde guaranteed the lease for the premises occupied by Brick Let's Yo.

39. Without Conde's knowledge or consent, Defendants closed both the Lacey Let's Yo and Brick Let's Yo. As a result, the creditors of Lacey Let's Yo and Brick Let's Yo are seeking payments of the amounts owed by these entities from Conde.

40. For instance, the Brick Let's Yo landlord, Brixmore Middletown Plaza Owner LLC ("Brixmore"), obtained a $140,000 judgment against Conde, Bartholomew and Brick Let's Yo.

41. Brixmore has already executed on Conde's assets, specifically upon funds on deposit at Columbia Bank, totaling $59,987.17, toward satisfying the judgment.

42. BCB is foreclosing the mortgages it holds against Conde's residence and investment property in a proceeding styled *BCB Community Bank v. Marie F. Conde,* Docket No. MON-F-030055-15

43. BCB is also seeking, *inter alia,* a money judgment against Conde alleging the fraudulent transfer of Brick Let's Yo assets subject to a financing security agreement with BCB in a proceeding styled *BCB Community Bank v. Let's Yo Lacey et als.,* Docket No. MID –L-00295-16.

# FIRST COUNT

# FRAUD AND EMBEZZLEMENT

44. Conde repeats and re-alleges the allegations set forth in paragraphs 1 through 40 of the Adversary Complaint as if set forth fully herein.

45. Defendants have engaged in a scheme to defraud Conde by making false and fraudulent representations to her to induce her to make the Golden Corral Investments and the Fro-Yo Investments.

46. As a result of the Defendants' fraud, Conde as been damaged and has filed a Proof of Claim in Defendants' underlying bankruptcy case in the amount of her pecuniary damages: $3,098,624.64

**WHEREFORE**, Plaintiff, Marie F. Conde hereby demand judgment against Defendants, Dexter C. and Djenane Bartholomew, for compensatory, consequential and punitive damages in an amount to be determined at trial, interest, costs of suit, attorneys' fees and such other and further relief as the Court deems just and proper.

# SECOND COUNT

# DETERMINING THAT PLAINTIFFS' CLAIM IS NOT AND MAY NOT BE DISCHARGED PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) AND 523(a)(2)(B);

47. Conde repeats and re-alleges the allegations 1 through 46 of the Adversary Complaint as if fully set forth herein as if set forth herein.

48. Pursuant to 11 U.S.C. §523(a)(2)(A), a discharge under §727 of the Bankruptcy Code does not discharge an individual debtor from any debt for money obtained by false pretenses, a false representation, or actual fraud.

10

49. Pursuant to 11 U.S.C. §523(a)(2)(B), a discharge under §727 of the Bankruptcy Code does not discharge an individual debtor from any debt for money obtained by the use of a statement in writing that is materially false respecting the debtor's financial condition on which the creditor to whom the debtor is liable for such money reasonably relied.

50. Defendants are individual debtors.

51. Defendants obtained money from Conde through false representations and fraud as described in detail in the preceding paragraphs of this Adversary Complaint.

52. Defendants obtained money from Conde by the use of a statement in writing that was materially false respecting their financial condition, and upon which Conde reasonably relied, as described in detail in the preceding paragraphs of this Adversary Complaint.

53. Accordingly, pursuant to the provisions of 11 U.S.C. §§523(a)(2)(A) and 523(a)(2)(B)), Defendant's debt to Conde is not and may not be discharged

**WHEREFORE**, Plaintiff Marie F. Conde hereby demand judgment against Defendants Dexter C. and Djenane Bartholomew determining that her claim against Defendant, and Defendant's debt to her is not and may not be discharged, and awarding Plaintiffs, interest, costs of suit, attorneys' fees and such other and further relief as the Court deems just and proper.

GREENBAUM, ROWE SMITH & DAVIS, LLP
Attorneys for Plaintiff, Marie F. Conde

By: _/s/ Nancy Isaacson_
NANCY ISAACSON

Dated: April 15, 2016

11